IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03172-RM-STV

LARRY JOHNSON,

   Plaintiff,

v.

ROCKY'S AUTOS, INC.,

   Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

   This matter is before the Court on Defendant's Motion for Leave to File Amended Answer (the "Motion"). [#18] The Motion has been referred to this Court. [#19] This Court has carefully considered the Motion and related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion. For the following reasons, I **GRANT** the Motion.

**I.   Background**

   On December 23, 2016, Plaintiff initiated this action alleging violations of Title VII of the Civil Rights Act of 1964 and battery. [#1] Defendant filed its Answer to the Complaint on January 19, 2017, asserting fourteen affirmative defenses. [#7] On February 27, 2017, the Court entered a Scheduling Order, which upon the agreement of the Parties set April 13, 2017 as the deadline for joinder of parties and amendment of pleadings. [#11 at 7] On April 13, 2017, within the deadline for amending pleadings, Defendant filed the instant Motion. [#18] Through the Motion, Defendant seeks leave

to add the following two additional defenses: (1) "[o]ne or more of Plaintiff's claims may be barred by the doctrine of after-acquired evidence," and (2) "[o]ne or more of Plaintiff's claims should be dismissed to the extent that they were not set forth in the administrative charge." [#18-1] Plaintiff opposes the Motion. [#20]

II.     **Analysis**

Plaintiff argues that Defendant has waived an after-acquired evidence defense by not including it in its original Answer. [#20 at 2-3] Plaintiff also argues that exhaustion of administrative remedies is not an affirmative defense, and therefore should not be included in the Answer. [*Id.* at 3] The Court rejects these arguments as grounds to deny the Motion and grants the Motion pursuant to the liberal amendment standard set forth in Federal Rule of Civil Procedure 15(a)(2).

### A. The after-acquired evidence defense

The Tenth Circuit "has held that the purpose behind [Federal Rule of Civil Procedure 8(c)] is that of putting plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance." *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443-44 (10th Cir. 1992) (quotations omitted). "[T]he best procedure is to plead an affirmative defense in an answer or amended answer." *Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006). Nonetheless, the Tenth Circuit has allowed a defendant to pursue a defense not asserted in an answer but raised for the first time in a motion for summary judgment. *Id.* at 1202-04. Thus, Defendant's failure to include an after-acquired evidence defense in its original Answer does not constitute waiver here where the trial date has not yet even been set.

### B. The exhaustion of administrative remedies defense

The proposed Amended Answer seeks to assert the defense that "[o]ne or more of Plaintiff's claims should be dismissed to the extent that they were not set forth in the administrative charge." [#18-1] Neither the Amended Answer nor the Motion state which claims may be subject to a failure to exhaust defense, nor is it obvious from a review of the Complaint and the Charge of Discrimination. [#1, 1-1] Plaintiff opposes amendment arguing that failure to exhaust deprives the Court of subject matter jurisdiction, and is therefore not an affirmative defense.

The issue of whether the failure to comply with a particular Title VII administrative exhaustion requirement divests a court of subject matter jurisdiction is unsettled. *See Jones v. Needham*, -- F.3d --, No. 16-6156, 2017 WL 1959972, at *2 (10th Cir. May 12, 2017); *Gada v. Kansas State Univ.*, 787 F.3d 1032, 1035-41 (10th Cir. 2015). Given the unsettled state of the law on this issue, Defendant understandably seeks to preserve the defense in the event it is held to be non-jurisdictional. Plaintiff has not identified any harm in allowing Defendant to amend its Answer to include that defense. As a result, the fact that the failure to exhaust a particular claim may deprive the Court of subject matter jurisdiction over that claim does not justify denying leave to amend the Answer.

### C. Rule 15(a)(2) analysis

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the

Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant has not previously sought leave to amend its Answer, and Plaintiff does not assert bad faith or dilatory motive or futility of the amendment. Plaintiff asserts that he has begun serving discovery and if the Court grants the Motion, "Plaintiff will be prejudiced by the need to readjust [his] discovery scheme and litigation plan to add at least one additional affirmative defense." [#20 at 3] Plaintiff fails to explain how his "discovery scheme and litigation plan" will be disrupted, especially given that the parties may continue to conduct discovery for four more months under the current schedule. Whatever disruption in Plaintiff's discovery scheme may occur by the amendment, that disruption does not constitute undue prejudice. Similarly, Plaintiff argues that "Defendant delayed for over three months the filing of its Motion for Leave." [*Id.*] But, Defendant has filed an affidavit asserting that it only recently learned of the after-acquired evidence defense. [#21-1]. In any event, Defendant filed the Motion within the time allotted by the Scheduling Order, and the Court does not find three months to be an undue delay.

Thus, for the reasons stated above, it is **ORDERED** that Defendant's Motion [#18] is **GRANTED.** Defendant shall file its Amended Answer by May 25, 2017.

DATED:  May 18, 2017                    BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

4